Fred V. UNRUH, Plaintiff and Respondent,

v.

Ralph MURRAY, Defendant and Appellant.

No. 7598.

Supreme Court of North Dakota.

Aug. 30, 1957.

Floyd B. Sperry, Golden Valley, for appellant.

Lord & Ulmer, Mandan, for respondent.

BURKE, Judge.

This is an action for assault and battery. By stipulation the case was tried to the court without a jury and plaintiff obtained judgment for actual damages in the sum of $387.50. His prayer for exemplary damages was denied.

Defendant has appealed from the judgment and demanded a trial anew in this court. Upon this appeal appellant asserts that the judgment is contrary to the weight of the evidence in that the evidence establishes that defendant struck the plaintiff in self-defense. He also specifies that excessive damages were allowed.

Plaintiff and defendant are long standing acquaintances. They had been friends until a few years prior to the incident out of which this law suit arose. The break in this friendship occurred when defendant and plaintiff's brother broke off negotiations for the purchase of plaintiff's farm. For some reason not explained by the record plaintiff felt that he had been mistreated either in the conduct or termination of these negotiations. Thereafter plaintiff harbored a feeling of resentment and dislike toward both the defendant and his brother.

Defendant operated a large ranch and included in the operation was a quarter-section of land which he rented from the State Land Department. In 1954, for the purpose of annoying the defendant, plaintiff petitioned the State Land Department to put this quarter-section up for sale at public auction. The sale was held at the county seat of Mercer County. Both plaintiff and the defendant were present at the sale and bid for the land, but plaintiff was the successful bidder and purchased the land from the state.

On the 6th or 7th of December 1954, defendant went to plaintiff's farm for the purpose of attempting to purchase this quarter-section of land. When he arrived, plaintiff, his hired help and some of his neighbors were in a barn and were engaged in skinning an animal which had just been slaughtered. Defendant joined the group in the barn and entered into the conversation in progress. After a short interval plaintiff left the group and went to an outdoor fire which was used to heat water for scalding during slaughtering operations. Defendant followed him. When defendant arrived at the fire plaintiff was squatted beside it adding sticks of wood to the fire from a wood pile within his reach. Defendant then opened the conversation concerning the purchase of the land. Plaintiff im-

732

mediately turned the discussion to the former negotiations to purchase plaintiff's entire farm by the defendant and plaintiff's brother. In describing these negotiations plaintiff stated in language that no one remembers, that he had been treated unfairly. Defendant immediately replied, "You're a dirty liar." Plaintiff stood up, retaining one of the sticks of firewood in his right hand and said, "Don't call me a liar you —— — — ——." Defendant then hit the plaintiff with his fist. The blow was well delivered to the jaw and plaintiff was knocked unconscious.

As related so far the facts are undisputed. Defendant testified, however, that when plaintiff stood up and said, "Don't call me a liar you —— — — ——," he brandished the stick of firewood as a club and added, "I'm going to give you the worst licking you've ever had." Defendant asserts that from this assault he had reasonable grounds to believe and did believe that he was about to be attacked; that he considered retreat dangerous and therefore attacked in self-defense. On the other hand plaintiff testified that he had the stick of firewood in his hand merely as an incident to feeding the fire he was tending at the time; that when he stood up he held it in a natural position beside his thigh and he did not say that he was going to give the defendant a licking.

■ The trial judge found the facts to be as plaintiff related them. He saw and heard the witnesses and his findings are entitled to appreciable weight. Hoffer v. Crawford, N.D., 65 N.W.2d 625; Dockter v. Crawford, N.D., 65 N.W.2d 691; Shong v. Farmers' & Merchants' State Bank, Hutchinson, Minn., N.D., 70 N.W.2d 907.

■ In our consideration of the evidence we find it significant that the witnesses who were present on plaintiff's farm on the day of the altercation heard the exchange of verbal abuse between the parties to the fray but none of them heard plaintiff threaten to give defendant a licking. Taking all of the evidence into consideration it appears to us that plaintiff's version of the disputed facts is more reasonable than that of the defendant and, giving to the trial court's findings the weight to which they are entitled, we find that defendant's claim of self-defense is not sustained by the record.

■ While we understand that, according to convention prevalent in our ranching areas, certain words are considered "fighting words" and that each of the epithets used by the parties to this altercation is in that category, nevertheless, the existence of such a convention does not legally justify a physical attack. The use of abusive and insulting words alone does not justify an assault. 6 C.J.S. Assault and Battery § 17, pp. 807, 808; 4 Am.Jur. (Assault and Battery, sec. 53) 154. It follows that a judgment in favor of the plaintiff must be affirmed.

Appellant contends, however, that the judgment entered in the case awards excessive damages to the plaintiff. As a result of the blow he received plaintiff was "knocked out". He, however, quickly recovered consciousness. There was an abrasion inside his left cheek where the teeth had struck the cheek, about one half by one inch in area and a superficial wound of about the same size on the outside of the cheek. Plaintiff testified that for three days he could not sleep properly nor work because of severe headache; that the headaches gradually subsided but that because of them his activities were limited for a period of ten days. During the ten days he made three trips to see a doctor. He made the first trip the day after his injury. His farm was thirty miles from town and he drove the 60 mile round trip all alone and without any stated inconvenience. His medical bills amounted to $37.50 including x-rays.

■ The measure of plaintiff's damages is the detriment suffered by him because of

the defendant's unlawful act. Sec. 32–0301, NDRC 1943. Detriment "is a loss or harm suffered in person or property." Section 32–0302, NDRC 1943.

■ A review of plaintiff's evidence discloses that the only property losses he suffered are his medical expenses and the cost of three trips he made to town to see his physician. He testified that he was unable to work full time for a period of ten days and that the value of his services was $100 a week. He also testified that he hired no extra help during the time he was disabled and that during that time the farm work was done in a satisfactory manner. He has therefore established no loss in property as a result of his inability to work.

■ The trial court allowed damages in the sum of $387.50. While the trial court did not itemize the damages, we assume that he allowed $37.50 for medical expenses and $350 for the harm to plaintiff's person. In view of minor nature of plaintiff's injuries we think this sum is excessive. According to plaintiff's physician the injuries needed no treatment whatsoever and no treatment was given. In view of all the circumstances we think the sum of $100 will amply compensate the plaintiff for the personal harm, including pain and suffering, caused by defendant's attack. We will therefore allow the plaintiff $37.50 for medical expenses, $18 for milage at ten cents a mile for travel and $100 for injuries to his person or a total judgment of $155.50. In view of the substantial modification granted upon this appeal, we will allow the defendant half of his costs and disbursements in this court.

The case is therefore remanded to the district court with directions to modify the judgment to conform to this opinion.

GRIMSON, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.